IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONIA LANETTE HUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-2750-D |
| | § | |
| DATA MORTGAGE INC., D/B/A ESSEX MORTGAGE, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, *pro se* plaintiff Tonia Lanette Hunter ("Hunter") seeks declaratory and injunctive relief arising from the conduct of defendants Data Mortgage Inc. ("Data Mortgage"), d/b/a Essex Mortgage ("Essex"), and Carrington Mortgage Services LLC ("Carrington"), related to the nonjudicial foreclosure of Hunter's property. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons explained, the court grants defendants' motions and also grants Hunter leave to replead.

I

Hunter alleges that she became delinquent on her mortgage payments during the COVID-19 pandemic after contracting the virus and temporarily losing income.[1] She then

[1] In deciding defendants' Rule 12(b)(6) motions, the court construes Hunter's petition in the light most favorable to her, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in her favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). Because Hunter is proceeding *pro se*, the court construes the allegations of her petition liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir.1993) (per curiam).

received FHA/HUD Partial Claim assistance and resumed making payments. Later, however, she was diagnosed with breast cancer, and the resulting medical expenses left her unable to keep up with her payments. Hunter maintains that she contacted her mortgage servicer seeking foreclosure-avoidance assistance and a reasonable loan-retention option. She alleges that, despite her requests, "[d]efendants continued advancing the loan toward foreclosure, even though [she] dispute[d] whether all contractual conditions precedent, servicing obligations, notice requirements, and other legal prerequisites had been satisfied." Pet. (ECF No. 1-5) at 5.

Essex eventually filed a judicial foreclosure action in this court, assigned to Judge Godbey. That case was dismissed without prejudice on the parties' joint stipulation of dismissal. Defendants then initiated nonjudicial foreclosure proceedings, issuing a notice of acceleration and a notice of foreclosure sale. They scheduled the foreclosure sale for August 4, 2026.

On July 29, 2026 Hunter filed the instant suit in Texas state court, seeking declaratory and injunctive relief. On August 4, 2026 the state court granted Hunter's application for a temporary restraining order ("TRO"). Essex, with Carrington's consent, removed the case to this court based on diversity jurisdiction. Defendants move to dismiss under Rule 12(b)(6). Hunter opposes the motions, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's complaint] by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

A

Defendants move to dismiss Hunter's request for declaratory and injunctive relief on the ground that Hunter has failed to allege a plausible claim. According to Hunter's state-court petition ("petition"), defendants have proceeded with foreclosure despite her "disput[ing] whether all contractual conditions precedent, servicing obligations, notice requirements, and other legal prerequisites had been satisfied." Pet. (ECF No. 1-5) at 5. Hunter also alleges that

> the parties dispute whether Defendants presently possess the legal authority to proceed with foreclosure, whether all contractual or statutory conditions precedent have been satisfied, whether the prior acceleration of the loan and subsequent dismissal of the federal foreclosure action affect Defendants' present right to foreclose, and whether all required notices and foreclosure procedures have been properly completed.

*Id.* at 6. These allegations are insufficient to state a plausible claim.

Even when Hunter's petition is "liberally construed," it lacks the specificity needed to determine whether she has pleaded a plausible claim. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). For example, Hunter does not does not identify which contractual or statutory conditions defendants failed to satisfy. Nor does she specify which servicing obligations or notice requirements defendants failed to meet, or which foreclosure procedures they failed to follow. And her assertion that there is a "dispute" as to whether defendants "presently possess the legal authority to proceed with foreclosure," Pet. (ECF No. 1-5) at 6, is, at most, a "conclusory statement[]" that lacks legal

foundation. *Iqbal*, 556 U.S. at 678.

B

Because Hunter has failed to plausibly plead a claim, she is neither entitled to declaratory nor injunctive relief. The federal Declaratory Judgement Act "does not create a substantive cause of action." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citing *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984)).[2] Consequently, "[b]ecause [Hunter] has not pleaded a plausible substantive claim, the court declines in its discretion to entertain [her] request for a declaratory judgment." *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013).

The court also dismisses Hunter's request for an injunction. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008, no pet.)); *see also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action). Because

---

[2]Although Hunter filed this lawsuit in Texas state court, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).

Hunter has failed to state a plausible claim against defendants, she is not entitled to an injunction, and her request for this relief is dismissed.

The court likewise dismisses Hunter's request for an extension, or the issuance, of a TRO.[3] "To obtain a [TRO], an applicant must show entitlement to a preliminary injunction." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.). "The same four-factor test for preliminary injunctions also has been extended to [TROs]." *May v. Wells Fargo Home Mortg.*, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013) (Fitzwater, C.J.) (quoting *Asadoorian v. Travis*, 2011 WL 2224984, at *1 (D. Mass. June 7, 2011)). A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction. *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (quoting *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.)). Therefore, Hunter must establish four elements to obtain a TRO extension: (1) a substantial likelihood of success on the merits, (2) a substantial threat of

---

[3]Essex requests the court to "[d]issolve any existing [TRO]." D. Br. (ECF No. 12) at 10. Formal "dissolution of [a TRO], however, is not necessary; 'a [TRO] issued by a state court prior to removal will not remain in full force after removal any longer than it would have remained in effect under state law[.]'" *Wilson v. Bank of N.Y. Mellon*, 2013 WL 5273328, at *13 (N.D. Tex. Sept. 18, 2013) (Horan, J.) (quoting *George–Baunchand v. Wells Fargo Home Mortg., Inc.*, 2011 WL 2551127, at *1 (S.D. Tex. June 27, 2011) (internal quotation marks omitted)). "Under Texas law, a [TRO] expires after a period not to exceed 14 days." *Id.* (citing Tex. R. Civ. P. 680). The state court entered the TRO on August 4, 2026. Accordingly, the TRO expired on August 18, 2026.

irreparable harm if the TRO is not extended, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing parties, and (4) that the TRO will not disserve the public interest. *See, e.g.*, *Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (addressing preliminary injunction standard) (citing *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F. Supp. 1349, 1353 (N.D. Tex. 1991) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir. 1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).

"The first requirement for obtaining a TRO (and, in turn, a TRO extension) is to demonstrate a substantial likelihood of success on the merits." *Almo Invs. Ltd. v. Kaufman Cnty.*, 2022 WL 15525759, at *2 (N.D. Tex. Oct. 27, 2022) (Fitzwater, J.). Hunter cannot establish a likelihood of success on the merits because she has failed even to plausibly plead a substantive claim. *See Hunsinger v. Offer*, 2022 WL 18143951, at *7 (N.D. Tex. Dec. 7, 2022) (Ramirez, J.) ("Because Plaintiff's substantive claims are subject to dismissal on the merits, he cannot establish any likelihood of success on the merits."), *rec. accepted*, 2023 WL 122649, at *1 (N.D. Tex. Jan. 6, 2023) (Godbey, C.J.). Accordingly, Hunter is neither entitled to an extension, nor to the issuance, of a TRO.

IV

In her response brief, Hunter requests leave to amend if the court is inclined to grant defendants' motions to dismiss. "Because the court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead, the court will give [the plaintiff] an opportunity to amend [her] complaint." *Shah v. Univ. of Texas Sw. Med. Sch.*,

54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)). And as a *pro se* plaintiff, Hunter should be given a fair opportunity to plead her best case. *See, e.g.*, *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se*."). She must file her amended complaint no later than 28 days after the date this memorandum opinion and order is filed.

* * *

For the reasons explained, the court grants defendants Essex's and Carrington's motions to dismiss, and grants Hunter leave to replead.

**SO ORDERED**.

October 13, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE